**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**v.**                                     **Case No. 4:12-cr-00213-3 KGB**

**TERRY JOE DOSHIER**                                                                 **DEFENDANT**

<u>**ORDER**</u>

Before the Court is defendant Terry Joe Doshier's motion for compassionate release (Dkt. No. 361).   The government responded in opposition (Dkt. No. 370).   Sealed documents have been submitted to the Court for consideration regarding Mr. Doshier's current motion (Dkt. Nos. 371, 372, 373).   Mr. Doshier also submitted a reply (Dkt. No. 376).   Mr. Doshier filed an addendum to his motion indicating that on September 12, 2020, he had tested positive for COVID-19 (Dkt. No. 379).   The Court ordered the government to provide it an update on Mr. Doshier's medical condition (Dkt. No. 380).   The government complied, and Mr. Doshier responded (Dkt. Nos. 381, 383).   The Court also has received correspondence from family and community members in support of Mr. Doshier; the correspondence is a part of the record or has been placed in the correspondence section of Mr. Doshier's file.   For the following reasons, the Court denies Mr. Doshier's motion for compassionate release (Dkt. Nos. 361).

**I.      Background**

Mr. Doshier pled guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Dkt. Nos. 107, 108).   This Court sentenced Mr. Doshier in January 2014 to 235 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 123, 125).   His sentence was later reduced to 188 months (Dkt. No. 302).

In the pending motion, Mr. Doshier states that he has diabetes, hypertension, chronic obstructive pulmonary disease ("COPD"), obesity, cardiac arrhythmia, and sleep apnea, which put him "at substantially higher risk of severe illness from COVID-19." (Dkt. Nos. 361; 362, at 15-16).   Mr. Doshier tested positive for COVID-19 on September 11, 2020 (Dkt. No. 383, at 1).   Mr. Doshier reported difficulty breathing, muscle and body aches, and persistent headaches (Dkt. No. 383-1).

Mr. Doshier represents that he is an older, non-violent offender. He explains that he is being housed at USP Leavenworth, that there are confirmed COVID-19 cases there, and that he is at risk for contracting the disease. He maintains that he has "maintain[ed] clear conduct" for the last seven years and has completed many educational courses.   He seeks release to home confinement.   The government argues that compassionate release is not warranted in this case.

## II.    Discussion

The Court interprets Mr. Doshier's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582).   For the following reasons, the Court denies Mr. Doshier's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."   *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.   *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).   The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.   *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.   Here, the government does not contest this Court's jurisdiction to consider Mr. Doshier's motion for compassionate release (Dkt. No. 370, at 2).

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The examples are:  (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family

circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Doshier meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record.   Mr. Doshier does not argue that he meets either of these requirements.

Instead, Mr. Doshier seeks compassionate release based on his medical conditions, which he contends put him at substantially higher risk of severe illness from COVID-19 (Dkt. No. 362, at 15-16).   The government acknowledges that Mr. Doshier has been diagnosed with type-2 diabetes and COPD, which are recognized by the Centers for Disease Control ("CDC") as risk factors associated with COVID-19 (Dkt. No. 370, at 4).   Further, the government acknowledges that Mr. Doshier has been diagnosed with hypertension, which the CDC also indicates may be a risk factor for COVID-19 (*Id.*).   The government explains that the Department of Justice takes the position that "under present circumstances, an inmate's diagnosis with a medical condition that the CDC has identified as a risk factor for COVID-19, and from which the inmate is not expected to recover, presents an 'extraordinary and compelling reason[]' that may warrant compassionate release if other criteria also are met." (*Id.*).

The government argues that, even if Mr. Doshier could establish extraordinary and compelling reasons based on his medical conditions, Mr. Doshier cannot satisfy the remaining criteria for compassionate release because he would pose a risk to the community were he to be released (*Id.*, at 5).   Having reviewed the entire record before the Court, including all of the

parties' recent submissions, the Court agrees.   The Court denies Mr. Doshier's request for compassionate release based on consideration of the § 3553(a) factors, all of which the Court has considered.   Specifically, here, the Court considers the seriousness of the crime and protecting the public from additional crimes by Mr. Doshier.   Mr. Doshier's prior convictions include possession of drug paraphernalia, for which his probation was revoked repeatedly; forgery; theft; harassment; and attempt to manufacture methamphetamine.   As mentioned above, the instant offense also involved methamphetamine – between five and fifteen kilograms of methamphetamine (Dkt. No. 108, at 4).   In fact, when arrested for the instant offense, Mr. Doshier was on supervised release for two prior convictions.   While committing the instant offense, Mr. Doshier also was selling firearms to individuals, some of which were expected to go to a drug supplier in Mexico.   Based on these events, when given the opportunity to do so in the past, Mr. Doshier has failed to conform his conduct to what the law requires.   The Court understands that Mr. Doshier has taken steps toward rehabilitation, has a release plan, and intends to support his family going forward.   The Court commends him for all of these, but based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.

**III.    Conclusion**

Based on the findings of fact and conclusions of law above, the Court denies Mr. Doshier's motion for compassionate release (Dkt. No. 361).

So ordered this 14th day of December, 2020.

Kristine G Baker
United States District Judge