IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                    Case No. 4:12-cr-00213-3 KGB

TERRY JOE DOSHIER                                                  DEFENDANT

### ORDER

Before the Court is defendant Terry Joe Doshier's renewed motion for reduction in sentence or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 386). Mr. Doshier attached to his renewed motion the opinion of George Bren, M.D. (Dkt. No. 386-1). The government responded in opposition (Dkt. No. 394). Mr. Doshier also submitted a reply (Dkt. No. 396). For the following reasons, the Court denies Mr. Doshier's renewed motion for reduction in sentence or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 386).

### I.    Background

Mr. Doshier pled guilty to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Dkt. Nos. 107, 108). This Court sentenced Mr. Doshier in January 2014 to 235 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 123, 125). His sentence was later reduced to 188 months (Dkt. No. 302).

In his renewed motion, Mr. Doshier states that he has diabetes, hypertension, chronic obstructive pulmonary disease ("COPD"), obesity, sleep apnea, liver disease, and hypertension, which put him "at substantially higher risk of severe illness from COVID-19." (Dkt. No. 386, ¶ 3). Mr. Doshier tested positive for COVID-19 on September 11, 2020 (Dkt. No. 383, at 1). Mr. Doshier reported difficulty breathing, muscle and body aches, and persistent headaches (Dkt. No. 383-1).

Mr. Doshier states that in the seven months since he first petitioned the Court for compassionate release, COVID-19 has "continued to spread throughout the United States virtually unchecked." (Dkt. No. 387, at 2). He contends that USP Leavenworth, where he is being housed, reported the highest number of COVID-19 cases in the entire federal prison system (*Id.*). Mr. Doshier also asserts, that Dr. Bren, a general cardiologist with a board certification in Internal Medicine and Cardiovascular Disease, has reviewed Mr. Doshier's records and has opined that because Mr. Doshier has "multiple comorbidities (including those not discussed in his original Motion), his risk of death is **4.5 *times higher*** than that of the average person." (*Id.*, at 3 (emphasis in original)).

Mr. Doshier further argues that at the time of the filing his renewed motion he had received one dose of the Moderna vaccine which did not "confer anything near adequate protection"; that "new variants of COVID-19 pose a serious threat that only amplify the extraordinary and compelling reasons for release"; that "the CDC itself states that we 'won't know how long immunity produced by vaccinations last until we have more data on how well the vaccines work'"; and that "research from prior vaccination campaigns suggests the vaccines may not even be effective on obese people like Mr. Doshier." (*Id.*, at 4-7). Finally, Mr. Doshier states that he presents no risk to the community because of his numerous debilitating illnesses that limit his mobility. He contends that he is a non-violent offender who has maintained a clean disciplinary record, has demonstrated sincere efforts toward rehabilitation, and has a solid release plan that includes gainful employment (*Id.*, at 8).

The government argues that none of Mr. Doshier's claims are sufficient to warrant giving him compassionate release and none of Mr. Doshier's claims address or challenge the Court's

previous finding that compassionate release is not warranted in this case because Mr. Doshier poses a risk to the community (Dkt. No. 394).

## II. Discussion

The Court interprets Mr. Doshier's renewed motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582). For the following reasons, the Court denies Mr. Doshier's renewed motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. §

3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.  Here, the government does not contest this Court's jurisdiction to consider Mr. Doshier's renewed motion for compassionate release (Dkt. No. 394).

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The examples are:  (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Doshier meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record.  In his renewed motion, Mr. Doshier does not argue that he meets either of these requirements.

Instead, in his renewed motion Mr. Doshier seeks compassionate release based on what he claims are his worsening medical conditions, which he contends put him at substantially higher

risk of severe illness from COVID-19 (Dkt. No. 387, at 3).  The government acknowledges that Mr. Doshier has underlying conditions that have been identified as risk factors associated with COVID-19 (Dkt. No. 394, at 3).  The government points out that Mr. Doshier contracted COVID-19 previously and recovered "without any apparent complications," and that Mr. Doshier has been vaccinated (*Id.*).  The government further contends that Mr. Doshier's medical condition "has not markedly changed since his previous motion was denied" (*Id.*, at 5).

The government argues that, even if Mr. Doshier could establish extraordinary and compelling reasons based on his medical conditions, nothing has changed with respect to Mr. Doshier's ability to satisfy the remaining criteria for compassionate release because he would pose a danger to the community were he to be released (*Id.*, at 5).  Having reviewed the entire record before the Court, including all of the parties' recent submissions, the Court agrees.  The Court denies Mr. Doshier's renewed request for compassionate release based on its reconsideration of the § 3553(a) factors, all of which the Court has considered.  Specifically, here, the Court again considers the seriousness of the crime and protecting the public from additional crimes by Mr. Doshier.  As the Court noted in its previous Order denying compassionate release, Mr. Doshier's prior convictions include possession of drug paraphernalia, for which his probation was revoked repeatedly; forgery; theft; harassment; and attempt to manufacture methamphetamine.  As mentioned above, the instant offense also involved methamphetamine – between five and fifteen kilograms of methamphetamine (Dkt. No. 108, at 4).  When arrested for the instant offense, Mr. Doshier was on supervised release for two prior convictions; and while committing the instant offense, Mr. Doshier also was selling firearms to individuals, some of which were expected to go to a drug supplier in Mexico.  Based on these events, when given the opportunity to do so in the

past, Mr. Doshier has failed to conform his conduct to what the law requires. For these reasons and the reasons set forth in the Court's prior Order denying compassionate release, the Court denies Mr. Doshier's renewed motion for compassionate release at this time.

### III.  Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Doshier's renewed motion for reduction in sentence or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 386).

So ordered this 13th day of December, 2021.

_____
Kristine G Baker
United States District Judge